(C. D. 751)

V. W. Davis *v.* United States

United States Customs Court, Third Division

(Decided March 24, 1943)

*Wallace & Schwartz; Barnes, Richardson & Colburn (Joseph Schwartz* of counsel) for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*Richard H. Welsh,* special attorney), for the defendant.

Before Cline, Keefe, and Ekwall, Judges

Keefe, Judge: This controversy arising at Duluth, Minn., involves the classification of an importation of wild rice from Canada. The product was classified as a nonenumerated manufactured article at 20 per centum ad valorem under paragraph 1558 of the Tariff Act of 1930. The plaintiff claims that the commodity is entitled to free entry under paragraph 1722 as "vegetable substances, crude or unmanufactured, not specially provided for," or, if dutiable, it is dutiable at 10 per centum ad valorem under paragraph 1558 as a nonenumerated unmanufactured article, or at 1½ cents per pound under paragraph. 727 by similitude to "brown rice (hulls removed, all or in part)."

At the trial two witnesses testified for the plaintiff and five for the defendant. They all agreed that wild rice is gathered and prepared by the Indians for use in manner following:

The rice grows in water and is harvested in the fall by two people in a canoe, one having a flail in each hand, pulling the rice stalks over the gunwales and knocking the rice into the canoe until it is filled. The green rice is immediately unloaded from the canoe and spread

out on birchbark or canvas until a fire is prepared. A washtub or kettle is heated over the fire and the rice placed therein and constantly stirred with a paddle until it becomes chocolate brown. It is then dumped out on canvas and spread out to cool. After cooling it is placed in a hole lined with clay and is thrashed by the Indians tramping upon the same. It was also testified that machinery could be used for thrashing. The chaff is then blown out either by the wind or artificial means. Thereafter it is ready for sacking and shipping.

The witnesses were further in accord that wild rice has to be parched in order to thrash it and also in order to preserve it. Incidentally, the parching improves the flavor of the rice. When the green rice is gathered it is in a limpid condition containing a large percentage of water, and is never dried by the action of the sun, the opinion being that such method would take too long. One of the Government's witnesses testified that wild rice is parched primarily in order to remove the hulls as well as to preserve it; that the Indians started parching rice in order to properly thrash it and discovered, incidentally, that the parching also imparted to the wild rice a more appetizing flavor.

An examination of the sample in evidence discloses that wild rice is exceedingly hard in texture, resembling that of the ordinary rice of commerce. In appearance it is longer and smaller in circumference than ordinary rice, and the color is brownish rather than white.

Wild rice is a well-known article of commerce and the court may take judicial notice of the fact that it is sold in the New York market as wild rice and served in high-class restaurants as a food. Although the plaintiff claimed that the article was dutiable by similitude as brown rice and free as a crude vegetable substance, no attempt was made to substantiate such claims and we are constrained to overrule the same.

The evidence before us, however, is clear that any processes applied to the article in its native state were solely to obtain a merchantable article of commerce and any quality added to the article such as an enhanced flavor was merely incidental and unavoidable. The books are replete with decisions supporting the principle that manipulations necessary to remove an article from its native state in order to procure by itself an article of commerce is not to be regarded as a manufacture. See *United States* v. *Sheldon & Co.*, 2 Ct. Cust. Appls. 485, T. D. 32245; *Hampton* v. *United States*, 6 Ct. Cust. Appls. 392, T. D. 35926; *Ishimitsu* v. *United States*, 11 Ct. Cust. Appls. 186, T. D. 38963; *United States* v. *Albers Bros. Milling Co.*, 19 C. C. P. A. 88, T. D. 45226; and *Quong Lee & Co.* v. *United States*, 20 C. C. P. A. 192, T. D. 45981.

From the evidence before us and a consideration of the official sample, we find the imported product to be nothing more than a raw or unmanufactured article and in the absence of evidence establishing

191

that it is dutiable by similitude to a commodity specifically provided for in the Tariff Act of 1930, we hold it properly dutiable at 10 per centum ad valorem under paragraph 1558, as claimed.

Judgment will therefore be entered in favor of the plaintiff directing the collector to reliquidate the entry and make refund accordingly.